IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRANDON KALE BAGNELL,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-128-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Brandon Kale Bagnell, a state prisoner proceeding pro se, filed this action under 28 U.S.C. § 2254 on July 3, 2018.[1] Bagnell challenges a conviction for Felony Stalking handed down in Montana's Twentieth Judicial District, Lake County, in Cause No. DC-13-80. (Doc. 1 at 2-3.)

## I.     Bagnell's Claims

Bagnell alleges: (1) his guilty plea was involuntary, (doc. 1 at 4); (2) counsel provided ineffective assistance, *id.* at 5; (3) his right to due process was violated by the purportedly illegal sentence the district court imposed, *id.* at 7; and, (4) the insufficient service of the amended temporary order of protection, and the felony

---

[1] A federal habeas petition filed by an incarcerated litigant is deemed "filed" on the date that he or she delivers it to prison authorities for forwarding to the clerk of court. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Huizar v. Carey*, 273 F. 3d 1220, 1222 (9th Cir. 2001).

1

charge that ensued from a purported violation of the amended order, violated his constitutional rights, *id*. at 9.

## II. Background

On October 31, 2014, following a guilty plea to Stalking, the Lake County District Court committed Bagnell to the Department of Corrections for five-years. *Id*. at 3; see also, Tr. of Sent. Hrg. (Doc. 1-1 at 22-25.) The court credited Bagnell with 602 days of credit for time served. (Doc. 11-1 at 5.) Accordingly, Bagnell discharged his sentence in DC-13-80 on March 7, 2018. *Id*. On January 31, 2018, the Lake County District Court sentenced Bagnell on a separate matter, Cause No. DC-15-355, to 240 months at the Montana State Prison for Stalking as a Persistent Felony Offender.[2] Bagnell is currently incarcerated on the sentence handed down in DC-15-355. It also appears that once the sentence in DC-15-355 expires, Bagnell will begin serving two Yellowstone County sentences. *Id*.

## III. Analysis

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

This Court's habeas jurisdiction requires that a petitioner be in custody

---

[2] See, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/30886 (accessed April 15, 2019); see also, (Doc. 11-1 at 5.)

2

under the conviction or sentence under attack at the time his federal petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). As set forth above, Bagnell discharged his DC-13-80 sentence on March 7, 2018, but he did not file his petition challenging that conviction in this Court until July 3, 2018, nearly four months after the sentence expired. Thus, he was not "in custody" under the conviction or sentence under attack at the time of his federal filing.

To the extent that Bagnell attempts to challenge the 2014 conviction in DC-13-80 because it may have been used to enhance the Lake County sentence handed down in 2018, his argument fails. The fact the earlier sentence may have been used to enhance the latter, does not mean that Bagnell was "in custody" pursuant to the 2014 conviction. See, *Lawckawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[R]espondent was not 'in custody' on his 1958 conviction merely because that [prior] conviction had been used to enhance a subsequent sentence."); *Maleng*, 490 U.S. at 492-93 (explaining that when a prior conviction is used to enhance the sentence for a subsequent conviction, "it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody'"). In regard to state convictions, the Court has stated:

> [O]nce a state conviction is not longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the

3

ground that the prior conviction was unconstitutionally obtained. *Coss*, 532 U.S. at 403-04. Accordingly, Mr. Bagnell's petition should be dismissed for lack of jurisdiction.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Bagnell's petition should be dismissed because it cannot be said that reasonable jurists would find a basis encourage further proceedings or find this Court's determination that it lacks jurisdiction to be debatable. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Bagnell's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bagnell may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Bagnell must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 18th day of April, 2019.

>    /s/ Jeremiah C. Lynch
>    Jeremiah C. Lynch
>    United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Bagnell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.