IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

BRANDON KALE BAGNELL,

Petitioner,

vs.

ATTORNEY GENERAL OF THE
STATE OF MONTANA,

Respondent.

CV 18-128-M-DLC-JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch issued his Order and Findings and Recommendations in this case on April 18, 2019, recommending that the Court dismiss Petitioner Brandon Kale Bagnell's petition for writ of habeas corpus. (Doc. 12.) Bagnell timely filed objections to the Findings and Recommendations. (Doc. 14.) Consequently, Bagnell is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a

mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Lynch determined that the Court lacks jurisdiction to hear Bagnell's petition because Bagnell was not in custody at the time that his petition was filed. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curium). Bagnell filed his petition on July 3, 2018, but he discharged the challenged sentence on March 7, 2018. Bagnell objects, arguing: (1) that he was unable to file his federal petition until the Montana Supreme Court decided his appeal from the denial of state postconviction relief, which did not occur until March 6, 2018; and (2) that the Court should accept jurisdiction over a second, related but separate state court conviction. Reviewing de novo, the Court overrules both objections.

While the Court is sympathetic to Bagnell's struggle to navigate the federal and state court systems, the Court cannot exercise jurisdiction over Bagnell's challenge to his 2013 conviction because Bagnell had fully discharged his sentence prior to filing his habeas petition. As a matter of constitutional law, jurisdiction may be found even after the expiration of a petitioner's sentence if the petitioner suffers "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (quoting *Carafas v. LaVallee*, 391 U.S.

234 (1968)). However, the statutory requirements are somewhat narrower, demanding that the petitioner "is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). Thus, a petitioner can proceed if: (1) she was in custody "at the time the petition was filed"; and (2) she either remains in custody or, if released, continues to suffer collateral consequences of the challenged conviction. *Spencer*, 523 U.S. at 7; *see also Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990). Because Bagnell fully discharged his sentence prior to filing, the Court lacks statutory jurisdiction to hear Bagnell's challenge to his state court conviction, despite his allegations of collateral consequences.

Nor can the Court grant Bagnell's second objection by construing Bagnell's petition as a challenge to a separate, if related, state court proceeding. *See, e.g., Feldman*, 902 F.2d at 1449 (holding that court is "obliged to construe . . . pro se petition [challenging fully discharged state sentence] as an attack on petitioner's current *federal* sentence as enhanced [by that state sentence]"); *accord Maleng v. Cook*, 490 U.S. 488, 88 (1989). If Bagnell wishes to challenge the constitutionality of the state conviction for which he is currently incarcerated, he must file a new petition for writ of habeas corpus.

rule," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and the Court accordingly adopts Judge Lynch's recommendation to deny a certificate of appealability.

Accordingly, IT IS ORDERED:

(1) Judge Lynch's Findings and Recommendations (Doc. 12) is ADOPTED;

(2) Bagnell's Petition (Doc. 1) is DISMISSED for lack of jurisdiction;

(3) A certificate of appealability is DENIED; and

(4) The Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 7th day of June, 2019.

Dana L. Christensen, Chief Judge
United States District Court